UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #: _____ | |
| DATE FILED: ___3/19/2021___ | |

RICKY CELESTIN,

                    Plaintiff,

          v.                                                     19 CV 1887 (NSR)
                                                                 OPINION & ORDER
CAPTAIN ANGELETTA, et al.,

                    Defendants.

NELSON S. ROMÁN, United States District Judge:

        *Pro se* Plaintiff Ricky Celestin ("Plaintiff") commenced this action under 42 U.S.C. § 1983

("Section 1983") against Defendants Captain Angeletta,[1] Sergeants Hollis and Davis, Officers

Moore, Cardillo, Rodrigues, Maganello, Albohn, and Adames (collectively, "Defendants") for

alleged violations of his right to be free from excessive force under the Due Process Clause of the

Fourteenth Amendment. Defendants moved to dismiss arguing that Plaintiff has not pled a

cognizable Section 1983 violation under the Fourteenth Amendment. ("Defs.' Mem." (ECF No.

23).) For the following reasons, Defendants' Motion is GRANTED.

## BACKGROUND

        The facts herein are drawn from Plaintiff's Complaint (ECF No. 2) and the Court accepts

those facts as true for purposes of this motion.

### I. Plaintiff's Allegations

        Plaintiff alleges that on February 2, 2019, while he was a pretrial detainee, Defendants

violated his constitutional rights by assaulting him. (Compl. at 2.) Plaintiff alleges that a sergeant

pepper sprayed him for "no apparent reason," and that Plaintiff pushed towards the pepper spray

---

[1] There is a discrepancy in the spelling of Captain Angeletta's name. Defendants' Motion to Dismiss refers to him as Captain Angelotta. The Court will use "Angeletta" for clarity.

in an attempt to shield his body and face from the "chemical agent." (Compl. at 4.) Plaintiff alleges

that the Emergency Response Team ("ERT") then arrived and took control of the situation. They

punched, kicked and elbowed every part of Plaintiff's body until he fell to the floor, still trying to

get "the mace" out of his eyes. (Compl. at 4). Plaintiff was on the floor, in full body restraints, and

ERT continued their assault. ERT screamed at Plaintiff to stop resisting. Plaintiff alleges that ERT

deliberately slapped cuffs on Plaintiff's wrists and ankles and tightened the restraints, which cut

off Plaintiff's circulation, pinched his skin, and caused abrasions. When ERT escorted Plaintiff to

the Solitary Housing Unit, they continued whispering obscenities to him and threatening future

assaults. (Compl. at 4.)

Plaintiff further alleges that the pepper spray and beatings caused abrasions to his wrist and

ankles; chronic back pain; eye blurriness; excruciating neck pain; overall shooting body pains;

mental deterioration, and mental anguish. (Compl. at 5.)

## II. Procedural History

Plaintiff filed his Complaint on February 26, 2019 seeking (1) an injunction to stop the

unnamed Sergeant and other corrections officers from using pepper spray without cause; and

(2) transfer him out of the Westchester County Jail correctional system. (ECF No. 2.). The Court

granted Plaintiff's request to proceed in forma pauperis (ECF No. 5), and directed the Clerk of

Court and the U.S. Marshals to effect service on Plaintiff's behalf (ECF No. 6). By order dated

May 29, 2020, the Court granted Defendants leave to file their Motion to Dismiss. (ECF No. 18.)

Defendants filed an affidavit indicating that they served the Court's order on Plaintiff by mail at

his last known address, which Plaintiff had not provided to the Court, because Plaintiff was

released from jail on April 11, 2019. (ECF No. 18.) Defendants subsequently served their Motion

to Dismiss on Plaintiff by mail on July 14, 2020 at Plaintiff's last known address. (ECF No. 20.)

By letter dated August 27, 2020, Defendants indicated that Plaintiff had not opposed their Motion and asked the Court to treat the Motion as fully submitted. (ECF No. 25.) The Court granted this request by order dated December 23, 2020. (ECF No. 26.) The Clerk of Court mailed a copy of the Court's Order to Plaintiff at the address on ECF—Westchester County Jail—however, that mailing was returned as unable to forward. To date, Plaintiff has not informed the Court of his new address so ECF still lists his address as Westchester County Jail.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff in this case is a *pro se* litigant and therefore the Court is obligated to construe his pleadings liberally. *Thomas v. Colletti*, No. 13-CV-04827, 2014 WL 1329947, at *1-2 (S.D.N.Y. Mar. 28, 2014). A court must read *pro se* complaints "'to raise the strongest arguments that they suggest.'" *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("[E]ven after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). However, even *pro se* plaintiffs' pleadings asserting civil rights claims must "contain factual allegations sufficient to raise a right to relief

above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F.Supp.2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Dismissal is justified, therefore, where 'the complaint lacks an allegation regarding an element necessary to obtain relief,' and therefore, the 'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Colletti*, 2014 WL 1329947, at *1-2 (quoting *Geldzahler v. N.Y. Med. Coll.*, 663 F.Supp.2d 379, 387 (S.D.N.Y.2009) (internal citations and alterations omitted)).

In a motion to dismiss pursuant to Rule 12(b)(6), a court is generally confined to the facts alleged in the complaint. *Marhone v. Cassel*, 2018 WL 4189518 at *5 (S.D.N.Y. August 31, 2018). The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir.1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)).[2]

A court should allow the *pro se* plaintiff to amend his or her complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999) (internal quotation marks omitted); see *Colletti*, 2014 WL 1329947, at *4.

---

[2] In support of their motion, Defendants submitted a video that purportedly supports their claim that no excessive force was used. They cite two cases in support of their request that the Court consider the video: *Scott v. Harris,* 550 U.S. 372, 380 (2007) and *Alston v. Butkiewicu*, No. 3:09-CV-207 WL 6093887 at *3-4 (D. Conn. 2012). However, those two cases refer to motions for summary judgment and not motions to dismiss. It would be inappropriate for the Court to weigh this evidence in a motion to dismiss and it would be premature to convert this motion to one for summary judgment based on the video alone before any discovery has occurred. Accordingly, the Court has not reviewed the video.

**DISCUSSION**

To state a Section 1983 claim, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). In other words, to state a plausible Section 1983 claim, a plaintiff must allege both a violation of plaintiff's constitutional right and personal involvement of the defendant(s). *Graham v. Connor*, 490 U.S. 386, 394 (1989); see also *Baker v. McCollan,* 43 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" (quoting 42 U.S.C. § 1983 (1996)). Excessive force is a violation of the Fourteenth Amendment's Due Process Clause.[3]

Defendants contend that Plaintiff has failed to allege both a constitutional violation and personal involvement. The Court will address each issue in turn.

**I. Excessive Force**

A pretrial detainee's claims "are evaluated under the Due Process Clause because, '[p]retrial detainees have not been convicted of a crime and thus 'may not be punished in any manner - neither cruelly and unusually nor otherwise.'" *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (quoting *Iqbal v. Hasty*, 490 F.3d 143,0 168 (2d Cir. 2007) *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Under *Kingsley v. Hendrickson*, any time a prison guard engages in excessive force against a pretrial detainee, even if there is no evidence of serious injury, there is always a constitutional violation because "pretrial detainees (unlike convicted

---

[3] In their Motion to Dismiss, Defendants rely on an excessive force standard that applies to convicted prisoners under the Eighth Amendment. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009); *Hudson v. McMillian*, 503 U.S. 1, 7-8 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999). Since Plaintiff is a pretrial detainee, the Court applies the objective reasonableness standard for Fourteenth Amendment Due Process Clause violations.

prisoners) cannot be punished at all[.]" 576 U.S. 389, 400 (2015). In other words, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley,* 576 U.S. at 396-7.

A factfinder must apply an "objective reasonableness" standard that "turns on the facts and circumstances of each particular case." *Frost v. N.Y.C. Police Dep't,* 980 F.3d 231, 252 (2d Cir. 2020) (quoting *Kingsley,* 576 U.S. at 397). Important factors to consider include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley,* 576 U.S. at 397. The factfinder must also "take account of the legitimate interests in managing a jail, acknowledging as part of the objective reasonableness analysis that deference to policies and practices needed to maintain order and institutional security is appropriate." *Id.* (quoting *Bell v. Wolfish,* 441 U.S. 520, 540, 547 (1979)). Balancing those needs, force which "is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose" fails the test. *Kingsley,* at 398 (quoting *Cf. Block v. Rutherford,* 468 U.S. 576, 585-586 (1984)). Moreover, "claims for excessive force under the Fourteenth Amendment must involve force that is either 'more than de minimis' or 'repugnant to the conscience of mankind.'" *Lewis v. Huebner,* No. 17-CV-8101, 2020 WL 1244254, at *5 (S.D.N.Y. Mar. 16, 2020) (citing *United States v. Walsh,* 194 F.3d 37, 48 (2d Cir. 1999)).

A. Pepper Spray

Plaintiff alleges a sergeant pepper sprayed him for "no apparent reason" and that he was not resisting the sergeant. Pepper spray can be considered objective excessive force. In the case of a pretrial detainee who was pepper sprayed while restrained, the "Second Circuit has recognized,

'infliction of pepper spray' may have 'a variety of incapacitating and painful effects, and as such, its use constitutes a significant degree of force'" *Toliver v. N.Y.C. Dep't of Corr.*, 202 F.Supp.3d 328, 335 (S.D.N.Y. 2016) (quoting *Tracy v. Freshwater,* 623 F.3d 90, 98 (2d Cir. 2010)). Here, Plaintiff alleges he suffered more than *de minimis* harm from the pepper spray and assault, including: abrasions to his wrist and ankles, chronic back pain, eye blurriness, excruciating neck pain, overall shooting body pains, mental deterioration and mental anguish. Plaintiff's allegations of objective force without reason sufficiently meets the *Kingsley* standard for a violation of constitutional rights.

B. Assault

Plaintiff accuses the ERT officers of punching, kicking, elbowing, every part of his body, even after Plaintiff was put in full body restraints and on the ground. Where an arrestee brought a Section 1983 claim for excessive force, the court in *Bueno Diaz v. Mercurio,* held that while "'not every push or shove' violates the [Constitution], [p]laintiff claims that he was punched, kicked, choked, hit with the butts of the officers' pistols . . . [t]hese actions, assumed true for the purposes of deciding the motion to dismiss, exceed reasonable force." 442 F.Supp.3d 701, 713 (S.D.N.Y. 2020) (quoting *Graham*, 490 U.S. at 396). Additionally, the Second Circuit has held that, "an officer cannot strike an individual who is compliant and does not pose an imminent risk of harm to others." *Frost,* 980 F.3d at 257. The force Plaintiff alleges, even after being restrained and on the ground, fails an objective reasonableness standard for similar reasons as the pepper spray. Both are more than de minimis uses of force with no obvious governmental purpose.

**II. Personal Involvement**

Since Plaintiff has plausibly alleged that excessive force was used, the Court next considers whether Plaintiff has stated a claim against any of the named officials. To state a plausible Section

1983 claim, Plaintiff must allege each Defendant's personal involvement in the alleged attack. Deliberate indifference in this context "means the official must 'know [ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Tangreti v. Bachmann,* 983 F.3d 609, 619 (2d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Under Section 1983, a plaintiff "must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.* at 620.

A. Captain David Angeletta

Plaintiff's claim against Captain David Angeletta fails because Plaintiff does not connect Captain Angeletta to the purported assault. Under *Tangreti*, a Plaintiff must establish a tangible connection between the Captain and the alleged constitutional amendment violations "'through the official's own individual actions, has violated the Constitution.'" 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676). Merely being in the chain of command or a supervisory role is not enough to satisfy this standard. Plaintiff must allege Captain Angeletta's direct role in the assault or his supervisory role as one of deliberate indifference. The "deliberate-indifference standard 'require[es] a showing that the official was subjectively aware of the risk,'" *Farmer*, 511 U.S. at 829. Since Plaintiff does not allege Captain Angeletta's direct role, Plaintiff has not stated a plausible claim against Captain Angeletta. *Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011) (holding that failure to establish personal involvement is "fatal" for a claim under Section 1983).

B. Defendant Sergeants Kevin Hollis and Alexander Davis

Plaintiff alleges that "[t]he Sergeant" pepper sprayed him "for no apparent reason." However, Plaintiff's use of "[t]he Sergeant" does not sufficiently identify which of the two sergeants he named as Defendants, if either, used the pepper spray. In addition, Plaintiff does not mention a second sergeant in his description of the assault. Since Plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution," *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676), his claims against the unnamed sergeant(s) fail because he does not specify or detail the actions of each sergeant individually such that either or each personally violated Plaintiff's rights.

C. Correction Officers Todd Moore, Dean Cardillo, Michael Rodrigues, Frank Maganello, Thomas Albohn, Juan Adames

Plaintiff plausibly alleges that the ERT officers violated his rights. While Plaintiff does not specifically mention the names of the ERT officers in his description of the assault, read liberally, his complaint alleges that the six officers, Moore, Cardillo, Rodrigues, Maganello, Albohn, and Adames makeup the ERT staff who carried out the alleged assault. *See Messina v. Mazzeo*, 854 F.Supp. 116, 125-26 (E.D.N.Y. 1994) (holding: plaintiff's reference to defendants collectively as "defendant Police Officers" is sufficient to withstand a motion to dismiss on personal involvement grounds because "[i]t would be asking too much for an arrestee to remember and plead the role each of several police officers played in an alleged instance of police brutality").

**III. Relief**

Even if Plaintiff has stated a claim against the six ERT officers, he does not seek any viable relief. A plausible request for relief is necessary to establish standing in a federal court. *Deshawn E. v. Safir*, 156 F.3d 340, 342 (2d Cir.1998). A Section 1983 claim allows for both monetary and injunctive relief, *Jackson v. Dep't of Corr.*, 20-CV-9420, 2021 WL 706828 (S.D.N.Y. Feb. 22,

9

2021), and "when sued for prospective injunctive relief in his official capacity, a state officer is a 'person' for the purposes of Section 1983," *Stack v. Hartford*, 170 F.Supp.2d 288, 293 (D. Conn. 2001) (quoting *Graham*, 473 U.S. at 167).

In *City of Los Angeles v. Lyons,* plaintiff sought injunctive relief against the use of choke holds "except in situations where the proposed victim of said control reasonably appears to be threatening the immediate use of deadly force." 461 U.S. 95 (1983). *Lyons* held: (1) "[a]bstract injury is not enough"; (2) plaintiff must be in danger "of sustaining some direct injury" because of the challenged conduct and (3) the threat of injury must be "real and immediate," not "conjectural" or "hypothetical." 461 U.S. at 101-2. The Second Circuit has held that a plaintiff must prove "(1) he or she has suffered an injury; (2) the injury is traceable to the defendants' conduct; and (3) a federal court decision is likely to redress the injury." *Deshawn E.,* 156 F.3d at 344. Injunctive or declaratory relief "cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Id.*

Plaintiff seeks two forms of injunctive relief: (1) relocation to another facility, and (2) control on the use of force (pepper spray). As explained below, neither is a viable remedy for Plaintiff's allegations on the current record.

As to the requested transfer, Plaintiff no longer resides at Westchester County Jail so he can neither be relocated nor is there "likelihood that he or she will be injured in the future." *Deshawn E.*, 156 F.3d at 341.

As to the use of pepper spray, even if Plaintiff were still at Westchester County Jail, Plaintiff's request for injunctive relief from pepper spray use would likely not be valid under *Lyons* because he has not alleged that he is likely to be pepper sprayed again. To obtain such relief, Plaintiff would need to allege that a repeated assault was likely and not speculative, and that the

correction facility had officially endorsed policies of excessive use of force in non-resisting situations. Moreover, whether the use of pepper spray is excessive force requires a case by case factual determination which must be resolved by the trier of fact. *See Brown v. City of New York*, 798 F.3d 94, 103 (2d Cir. 2015) (holding that whether use of pepper spray constituted excessive force was a factual determination for the jury to determine guided by their collective common sense and life experiences).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint for failure to state a cognizable Section 1983 claim is GRANTED and the Court dismisses Plaintiff's claims without prejudice. Plaintiff may file an Amended Complaint consistent with this Opinion on or before April 22, 2021, should he choose to reassert his claims against Defendants of acts or omissions which were directly involved in the alleged deprivation of his federal rights and request a valid form of relief.

Because the Amended Complaint will completely replace, not supplement, the original Complaint, any facts or claims that Plaintiff wishes to remain must be included in the Amended Complaint. An Amended Civil Rights Complaint form is attached to this Opinion.

If Plaintiff elects to file an Amended Complaint, Defendants shall have thirty days from the date of Plaintiff's filing to respond. If Plaintiff does not timely file an Amended Complaint by April 22, 2021, and he cannot show good cause to excuse such a failure, the claims dismissed without prejudice by this Order will be deemed dismissed with prejudice, and the case will be closed.

The Clerk of the Court is respectfully directed to (1) terminate the motion at ECF No. 21, (2) mail a copy of this Opinion and Order to Plaintiff at the address listed on ECF, and (3) show service on the docket.

Dated:   March 19, 2021
         White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 4

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6